# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| WILLIAM FRENCH, *individually and on behalf of those similarly-situated*,<br><br>Plaintiff,<br><br>v.<br><br>MACON IT HAPPEN, LLC d/b/a KAISER TIRE PRO and SHAUN McDANIEL,<br><br>Defendants. | Case No.  3:23CV-41-RGJ<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT
## UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C § 201 *Et. Seq.*

Comes Plaintiff William French, by and through counsel, and, for his Collective Action Complaint Under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") against Defendants Macon It Happen, LLC d/b/a Kaiser Tire Pro ("Macon") and Shaun McDaniel ("McDaniel"), states as follows:

### I.      Introduction to the Action

1. Defendant Macon, which Defendant McDaniel owns and controls, misclassified Plaintiff as exempt from the payment of overtime compensation, and on that basis violated the FLSA by not paying Plaintiff overtime compensation for overtime work he consistently performed. Specifically, Defendant characterized Plaintiff as earning a salary, but Plaintiff was not actually paid on a salary basis. Instead, he was effectively paid on an hourly, daily, or semi-daily basis; when Plaintiff would work less than five full days, he would receive a fraction of his weekly "salary". Upon information and belief, Defendant similarly misclassified its other "managers" and similarly violated the FLSA by failing to pay them overtime compensation.

## II. Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under federal law, including 29 U.S.C. § 216(b).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant's primary place of business is located in Louisville, Jefferson County, Kentucky within the District of this Court and Plaintiff worked for Defendant in Louisville, Jefferson County, Kentucky within the District of this Court.

## III. Parties

4. Plaintiff worked as an employee for Defendant Macon It Happen, LLC in the United States in 2022; Plaintiff's consent pursuant to 29 U.S.C. § 216(b) to join this collective action is attached hereto as Exhibit 1.

5. Plaintiff's work was governed by the FLSA.

6. Defendant Macon It Happen, LLC is a Kentucky for-profit limited liability company; upon information and belief, Defendant Macon It Happen, LLC may be served by service of process on its Registered Agent, Shaun McDaniel at 7000 Southside Drive, Louisville, KY 40214.

7. Defendant Shaun McDaniel is an individual owner and manager of Defendant Macon It Happen, LLC who at all times has controlled Macon It Happen, LLC's payment of wages to workers; McDaniel caused Defendant Macon It Happen, LLC to mischaracterize Plaintiff and similarly-situated employees as exempt under the FLSA, when they are in fact non-exempt, and should be held liable with Defendant Macon as a joint employer; Mr. McDaniel may be served at 7000 Southside Drive, Louisville, KY 40214.

8. During all times relevant, Defendant was an employer governed by the FLSA; it was an enterprise covered by the FLSA.

9. Upon information and belief, Defendant employs and has employed in the last three years other non-exempt employees in the state of Tennessee and, like Plaintiff, deprived those employees of overtime compensation owed under the FLSA by improperly asserting that the employees were exempt, when in fact they were non-exempt because they were not paid on a salary basis.

### IV. Facts

10. Plaintiff was hired by Defendant Macon to work as an Assistant Manager/Floating Manager at automotive repair shops operated by Defendant Macon.

11. An email Defendant McDaniel sent to Plaintiff on behalf of Defendant Macon is attached hereto as Exhibit 2.

12. Defendant Macon It Happen, LLC operates automotive repair shops.

13. Plaintiff was regularly scheduled to work more than 40 hours per week; he regularly worked more than 40 hours per week for Defendant Macon.

14. When Plaintiff would work five full days in a workweek for Defendant Macon, Defendant Macon would pay Plaintiff a specific amount, which it referred to as a "salary"; this amount did not fluctuate depending on the number of hours a week Plaintiff had worked, and if, in a workweek in which he worked five full days, Plaintiff stayed late one day and worked an additional hour, he would not be paid any additional amount for that hour beyond the "salary" amount for the workweek.

15. Stated another way, Macon It Happen, LLC did not pay Plaintiff overtime compensation for his overtime work.

16. However, Plaintiff and the similarly-situated employees have been entitled to overtime compensation.

17. Specifically, Plaintiff and the similarly-situated employees paid what Defendant Macon called a "salary" were entitled to overtime compensation because they were not in fact paid on a salary basis, as required under 29 C.F.R. §541.602(a) in order for Defendant to treat the employees as exempt.

18. Instead, the pay of Plaintiff and the similarly-situated employees was at all times subject to reduction because of variations in the quality or quantity of the work performed in the workweek.

19. Specifically, Defendant would deduct from the pay of Plaintiff and the similarly-situated employees if they were absent from work, "docking" pay from employees by paying a fraction of the weekly "salary" if the employee did not work five full days.

20. Text messages between Plaintiff and Defendant McDaniel relating to Defendants' policy of not paying the salary in weeks when less than five full days were worked are attached hereto as Exhibit 3 (the third page is the full message of a message that is displayed in part earlier in Exhibit 3).

21. Plaintiff and the similarly-situated employees were engaged in interstate commerce in their work for Defendant Macon, including Plaintiff working in locations in multiple states and handling credit card transactions which caused payment between states.

22. Further, in addition to the workers working in interstate commerce (including as alleged above), Macon It Happen, LLC is an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203.

23. Specifically, at all relevant times, Macon It Happen, LLC has employed two or more employees who have, as part of their work, handled or worked on goods and/or materials that have been moved in and/or produced in interstate commerce.

24. Upon information and belief, at all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000.00.

25. The unlawful acts alleged in this Complaint were committed by Defendant and/or its officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

### V.  Collective Action Allegations

26. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following proposed collective group:

> All current and former employees of Macon It Happen, LLC who were not paid on an hourly basis and worked in excess of 40 hours in one or more workweeks since January 24, 2020 and were not fully paid all overtime compensation owed (the "FLSA Collective") based on being misclassified by Macon It Happen, LLC as an exempt employee, despite such employee's compensation being subject to reduction because of variations in quality or quantity of work performed in the week.

27. Plaintiff reserves the right to redefine the proposed collective group prior to notice and/or "de-certification" of the collective group, as may be warranted, appropriate and/or necessary.

28. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

29. Plaintiff desires to pursue his FLSA claims on behalf of himself individually and on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

30. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in

29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime compensation for hours worked over forty (40) during the workweek.

31. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common employee classification, compensation, timekeeping and payroll practices.

32. Specifically, Defendant failed to compensate Plaintiff and the similarly-situated employees for all overtime hours worked and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for all hours worked in excess of forty (40) per workweek.

33. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

34. The similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail, email and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.[1]

## COUNT I

**Violation of the FLSA: Failure to Properly Pay Overtime Compensation**
**(On Behalf of Plaintiff and the FLSA Collective)**

---

[1] To ensure that Defendant is aware, with respect to Plaintiff and individuals who opt-in to this action who incur damages after the filing of this action as a result of Defendant continuing its illegal practices after the filing of this Complaint, (a) such damages will be sought in this action and (b) such continuation will be used as further evidence of Defendant's willfulness in violating the FLSA prior to the filing of this action.

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate. *See* 29 U.S.C. § 207(a)(1).

37. Defendant is subject to the wage requirements of the FLSA because Defendant is an employer under 29 U.S.C. § 203(d).

38. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39. During all relevant times, Plaintiff and the members of the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

40. During all relevant times, Plaintiff and the Collective Members were not exempt from the requirements of the FLSA.

41. Plaintiff and the Collective Members each worked more than forty (40) hours in one or more workweeks without overtime compensation and are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

42. Defendant knowingly failed to properly compensate Plaintiff and the Collective Members for all hours worked when they worked in excess of forty (40) hours per week, including by failing to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

43. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

44.     Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**PRAYER FOR RELIEF**

WHISEFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. The issuance of process, and the bringing of Defendant before the Court;

b. An order directing Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. A jury trial on all issues of fact;

d. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for unpaid wages and compensatory damages and prejudgment interest to the fullest extent permitted under the law;

e. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for liquidated damages to the fullest extent permitted under the law;

f. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief to which Plaintiff, the FLSA Collective and/or the Rule 23 Class is entitled or which this Court otherwise deems just and proper.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster (#023636)
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com

*Counsel for Plaintiff*

*Counsel for Plaintiff*